# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### DOCKET NO. 3:07-CV-412-FDW
### 3:04-CR-00013-FDW-13

| | | |
|---|---|---|
| **MORRISON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion for Sentence Clarification and/or Nunc Pro Tunc Order (Doc. No. 309, Case No. 3:04-CR-00013-FDW-13). Petitioner contends that the Bureau of Prisons ("BOP") "is wrongfully refusing to credit his sentence with the appropriate time he served in detention prior to his sentencing . . . ." (Id.)

On December 13, 2006, Petitioner pleaded guilty to conspiracy to possess with intent to distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). Petitioner was then sentenced to thirty-three (33) months in prison. Petitioner now contends that the BOP has miscalculated the amount of credit he should receive for time already served.

As an initial matter, the Court notes that although Petitioner has stated that he is seeking a Motion for Sentence Clarification, a Nunc Pro Tunc Order, and/or a motion under Federal Rule of Civil Procedure 60(a) to correct a clerical mistake, none of these motions are available or appropriate to the Petitioner. Instead, the Court will construe Petitioner's motion as a motion for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner's motion is more properly a § 2241 petition because that section "applies to attacks on the execution of a sentence," including Petitioner's argument that the

BOP has miscalculated his time served.  See U.S. v. Jeter, No. 97-7459, 1998 WL 482781 at *1 n.1 (4th Cir. Aug. 11, 1998).

Without determining whether Petitioner's argument for credit may have merit, this Court must defer to Supreme Court and Fourth Circuit case law, which makes it clear that

> a district court does not have the jurisdiction to make the initial determination to award sentence credit for time spent in official detention.  Rather, the Attorney General, through the Bureau of Prisons, is to make that determination.  Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the district court.

Id. at *1 (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)).  Because Petitioner has not supplied any documentation from the BOP concerning Petitioner's use of the administrative process, this case is not ripe for review in this Court.  See id. at *2.  Petitioner's motion for writ of habeas corpus under 28 U.S.C. § 2241 is therefore DENIED.

IT IS SO ORDERED.

Signed: September 27, 2007

Frank D. Whitney
United States District Judge